MERCHANTS NATIONAL BANK, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8821. Promulgated July 16, 1947.

*Early L. Gilbert, C. P. A.*, for the petitioner.
*Karl W. Windhorst, Esq.*, for the respondent.

OPINION.

HARLAN, *Judge*: The Commissioner determined deficiencies in income and declared value excess profits tax for the year 1942 in the amounts of $987.74 and $598.04, respectively. The question presented is, Did petitioner sustain a deductible loss with respect to a sale of securities where, on the same date as that of the sale, securities substantially identical with those sold were purchased by it?

The facts in this case were all developed by a stipulation, which is adopted in full, but from which we set forth the following:

The petitioner is a corporation, organized and existing under and by virtue of the National Banking Laws of the United States of America, with its principal place of business located in Quakertown, Pennsylvania, and carrying on the business of receiving deposits and making loans and discounts. It is subject to supervision and examination by the Federal authority having supervision over banking institutions. The petitioner was chartered by the United States Government on October 20, 1902.

The petitioner filed its income tax return for the year 1942 with the collector of internal revenue at Philadalphia on a calendar year basis.

On March 8, 1935, the petitioner purchased $10,000 par or face value of Central Railroad of New Jersey general mortgage coupon bonds bearing interest at the rate of 4 per cent per annum and falling due July 1, 1987, paying therefor the sum of $9,700. The aforesaid bonds were sold by the petitioner January 30, 1942, for the sum of $1,519.96.

On January 30, 1942, the petitioner purchased $11,000 par or face value Central Railroad of New Jersey General Mortgage Registered Bonds bearing interest at the rate of 4 per cent per annum and falling due July 1, 1987, paying therefor the sum of $1,567.50.

The bonds involved herein had the same security behind each one and had the same maturity date and interest rate and were otherwise substantially identical.

The petitioner occasionally sells a bond to a customer, but it is not regularly engaged in the business of dealing or trading in stocks, bonds, or other like securities, and the bonds and other securities referred to in the above paragraphs were at all times held for investment purposes.

The Commissioner in his deficiency notice says: "The alleged loss in the amount of $8,180.04 claimed due to the sale of $10,000.00 par value Central Railroad of New Jersey 4% coupon bonds due 1987, is dis-

allowed," and in his brief, he states that the claimed loss resulted from wash sales which produced a nondeductible loss by reason of section 118 (a) of the Internal Revenue Code, which provides:

In the case of any loss claimed to have been sustained from any sale or other disposition of shares of stock or securities where it appears that, within a period beginning 30 days before the date of such sale or disposition and ending 30 days after such date, the taxpayer has acquired (by purchase or by an exchange upon which the entire amount of gain or loss was recognized by law), or has entered into a contract or option so to acquire, substantially identical stock or securities, then no deduction for the loss shall be allowed under section 23 (e) (2) ; nor shall such deduction be allowed under section 23 (f) unless the claim is made by a corporation, a dealer in stocks or securities, and with respect to a transaction made in the ordinary course of its business.

The taxpayer denies the applicability of section 118 (a), and relies upon section 117 (i), which provides:

For the purposes of this chapter, in the case of a bank, as defined in section 104, if the losses of the taxable year from sales or exchanges of bonds, debentures, notes, or certificates, or other evidence of indebtedness issued by any corporation (including one issued by a government or political subdivision thereof) with interest coupons or in registered form, exceed the gains of the taxable year from such sales or exchanges, no such sale or exchange shall be considered a sale or exchange of a capital asset.

Petitioner further cites the report of the Senate Finance Committee, S. Rept. No. 1631, 77th Cong., 2d sess. (1942–2 C. B. 504), with respect to section 150 (d) of the 1942 Revenue Act, which added section 117 (i) to the code, which states in part as follows:

In the case of banks and life insurance companies, a distinction is to be made with respect to losses resulting from sales or exchanges of bonds, debentures, notes or certificates or other evidences of indebtedness which are in excess of gains from sales or exchanges of such assets. In that case the excess is to be considered as an ordinary loss and deductible in full against other income.

Based on the provisions of section 117 (i) as interpreted by the Senate committee report, petitioner contends that its losses from the sale of the bonds of the Central Railroad of New Jersey are deductible in full, even though section 118 prohibits such loss deductions resulting from wash sales to all taxpayers, except corporations who are dealers in stocks or securities. Petitioner admits that it is not a "dealer in stocks or securities" within the purview of section 118 and admits further that such transactions in its business are merely incidental to its real business, which is banking as defined by section 104 of the code.

We are unable to agree with petitioner's reasoning. The prohibition against loss deductions growing out of wash sales had its inception in the 1921 Revenue Act, and, after some amendments, section 118 was included in the 1939 Code in its present form. This section prohibits the allowance as a deduction of losses in cases of wash sales. *Heinz* v. *Commissioner*, 94 Fed. (2d) 832.[1] It is not affected by the operation

---

[1] Reversal on rehearing, *Heinz* v. *Commissioner*, 101 Fed. (2d) 453, relates to an issue which did not involve section 118 (a).

of section 117 (i), *supra.* That section was adopted in 1942, and there is nothing therein exempting its provisions from the existing law with reference to wash sales as set forth in section 118. Moreover, no amendment was made in that year to section 118 adding banking institutions to the corporations already exempted from its provisions. It is in effect to accomplish such an amendment of section 118 that petitioner cites the Senate committee report, hereinbefore set forth, submitted at the time section 117 (i) was being considered for enactment. The report simply states in effect that the purpose of section 117 (i) is to distinguish banks from other corporations in so far as losses resulting from sales or exchanges of securities are concerned, by treating losses sustained by banks from such sales or exchanges in a taxable year in excess of gains as an ordinary loss deductible in full. There is nothing in the report indicating that Congress intended to exempt banking corporations from the provisions of section 118.

It is this Court's obligation to interpret both section 118 and 117 (i) as coordinate sections of the Internal Revenue Code, each performing its declared function. As so interpreted, section 117 (i) declares the way in which losses from securities sales may be treated by banks when they are deductible. Section 118 provides that when such losses occur from wash sales they are not deductible.

*Decision will be entered for the respondent.*